**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROCCO DIMAGGIO,<br><br>    Plaintiff,<br><br>    v.<br><br>AGCO CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3054 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two Motions for Summary Judgment. Defendant AGCO Corporation ("AGCO") filed the first Motion for Summary Judgment. (ECF No. 130.) Plaintiff Rocco DiMaggio ("Plaintiff") did not oppose AGCO's Motion. Defendant Briggs & Stratton ("Briggs") filed the second Motion for Summary Judgment. (ECF No. 131.) Plaintiff opposed (ECF No. 136), and Briggs replied (ECF No. 154). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants AGCO's Motion and denies Briggs's Motion.

## I.    BACKGROUND

### A.    Factual Background

The Court draws the following facts from both Briggs and AGCO's Statement of Undisputed Material Facts ("SUMF") (Briggs SUMF, ECF No. 131-3; AGCO SUMF *5-9,[1] ECF No. 130), and Plaintiff's Response to Briggs's Statement of Undisputed Material Facts ("RSUMF") (RSUMF, ECF No. 136-1).[2]

Plaintiff began working as a professional mechanic in the 1960s and at various job sites, he was exposed to asbestos-containing products. (Briggs SUMF ¶¶ 9-26; RSUMF ¶¶ 9-26; AGCO SUMF ¶ 5.) Plaintiff testified that from 1961 to 1963, he worked at Motor Parts Company as a "one-man machine shop" and rebuilt engines, starters, generators, alternators, and jacks, as well as relined brakes and clutches. (AGCO SUMF ¶ 8.) Among other types of automobiles, Plaintiff worked on tractors on a few occasions at this location. (AGCO SUMF ¶ 11.) One of those tractors was manufactured by Massey Ferguson ("Massey")—the predecessor to AGCO. (AGCO SUMF ¶ 17; *see also* Compl. ¶ 2, ECF No. 1-1 (identifying AGCO as the successor in interest to Massey).) During his deposition, Plaintiff testified that he may have replaced gaskets in a Massey tractor engine and believed that they contained asbestos. (AGCO SUMF ¶¶ 13-15.) Plaintiff, however, did not know who manufactured or supplied the old gaskets that he removed. (*Id.* ¶ 15.)

---

[1] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

[2] Because Plaintiff has not submitted a responsive statement to AGCO's Statement of Material facts, the Court considers AGCO's facts undisputed for the purposes of its motion. *See Air Express Int'l v. LOG-NET, Inc.*, No. 12-1732, 2015 WL 404494, at *1 n.1 (D.N.J. Jan. 29, 2025).

From 1963 to 2002, Plaintiff worked at Trenton Central High School as an automobile repair instructor and a job placement coordinator. (Briggs SUMF ¶¶ 42-46, 50, 52-54; RSUMF ¶¶ 42-46, 50, 52-54; AGCO SUMF ¶ 5.) In 1966, Plaintiff started a small-engine repair shop course, which he taught until the early 1980s. (Briggs SUMF ¶ 55; RSUMF ¶ 55.) He taught the course every day for forty-three minutes, twice a day, and the class repaired, among other things, lawnmowers. (Briggs SUMF ¶¶ 56-57; RSUMF ¶¶ 56-57.) During Plaintiff's deposition, he testified that ninety to ninety-nine percent of the lawnmower engines Plaintiff worked on in this class were manufactured by Briggs. (Briggs SUMF ¶ 56; RSUMF ¶ 56.) Plaintiff stated that when he worked on a Briggs lawnmower engine, he would remove and replace old gaskets by scraping them off and then cleaning off any residue, such as dirt, dust, or pollen, with either a wire wheel attached to a drill or by blowing the gasket with compressed air. (Briggs SUMF ¶¶ 62, 64-66, 75; RSUMF ¶¶ 62, 64-66, 75.) Plaintiff testified that when he replaced the gaskets, he noticed white and gray debris that looked like asbestos and saw residue emanating from the motor to the exhaust. (Briggs SUMF ¶¶ 70-73; RSUMF ¶¶ 70-73.) Plaintiff therefore believed that the gaskets contained asbestos. (Briggs SUMF ¶¶ 58-61, 79, 84; RSUMF ¶¶ 58-61,79, 84.) Plaintiff testified that he recalled seeing the name "Briggs & Stratton" written on the gasket sets. (Briggs SUMF ¶ 83; RSUMF ¶ 83.)

**B.    Procedural History**

Plaintiff was diagnosed with pleural mesothelioma in December 2022, and subsequently filed the instant action on April 20, 2023, in the Superior Court of New Jersey, Law Division, Middlesex County. (*See generally* Compl.; *see also* Pl.'s Resp. to Interrogs., Ex. B to AGCO Mot. *6, ECF No. 130-2 (describing Plaintiff's mesothelioma symptoms and diagnosis).) Plaintiff alleges that each named defendant—as a manufacturer, supplier, or distributor of, among other

things, gaskets—is strictly liable for placing an inherently dangerous asbestos-containing product into the stream of commerce and failing to warn foreseeable users, like Plaintiff, of such dangers. (*See generally* Compl.) Defendant Bell Textron, Inc., removed this action pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), in June 2023. (*See generally* Not. of Removal, ECF No. 1.)

On March 28, 2025, AGCO and Briggs separately filed Motions for Summary Judgment. (AGCO Mot., ECF No. 130; Briggs Mot., ECF No. 131.) Plaintiff submitted an opposition to Briggs's Motion on May 16, 2025, (*see* Pl.'s Opp'n Br., ECF No. 136), and Briggs replied on December 1, 2025 (Briggs Reply Br., ECF No. 154). Plaintiff did not file an opposition to AGCO's Motion.[3]

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a)[4] provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*

---

[3] Where, such as here, the non-moving party fails to timely contest a motion for summary judgment, the Court will not automatically grant the motion. *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 174-75 (3d Cir. 1990) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). The failure to oppose a motion for summary judgment is merely "a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175-76. The unopposed summary judgment motion, accordingly, may only be granted where the moving party shows that it is "entitled to judgment as a matter of law." *Id.* at 175.

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine disputes of material fact exist). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a summary judgment motion, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249-50. Credibility determinations are the province of the fact finder. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary

5

judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III.    DISCUSSION

Both AGCO and Briggs move for summary judgment on the basis that Plaintiff has not identified any significant exposure to asbestos-containing products manufactured, distributed, or supplied by them and, therefore, they cannot be strictly liable for Plaintiff's asbestos-related injuries. (*See generally* AGCO Moving Br. *10-18, ECF No. 130; Briggs Moving Br., ECF No. 131-1.) Before addressing the merits of AGCO and Brigg's Motions, the Court begins with the relevant legal standard for a products liability action under New Jersey law.

### A.    New Jersey Products Liability Law

"Under New Jersey law, manufacturers, as well as all subsequent parties in the chain of distribution, are strictly liable for damages caused by defectively designed products." *Michalko v. Cooke Color & Chem. Corp.*, 451 A.2d 179, 182 (N.J. 1982). The failure to warn of a "product's inherent dangers will constitute a defect in the product itself." *Whelan v. Armstrong Int'l Inc.*, 231 A.3d 640, 652 (N.J. 2020) (citations omitted). To succeed on a strict liability, failure-to-warn action, a plaintiff must prove that "(1) without warnings or adequate warnings, the product was dangerous to the foreseeable user and therefore defective; (2) the product left the defendant's control in a defective condition (without warnings or adequate warnings); and (3) the lack of warnings or adequate warnings proximately caused an injury to a foreseeable user." *Id.* at 653 (citations omitted).

With respect to factor three in asbestos-exposure cases, causation entails both: (1) product-defect causation; and (2) medical causation. *Id.* (citing *James v. Bessemer Processing Co.*, 714 A.2d 898, 907-08 (N.J. 1998)). Product-defect causation requires a plaintiff to demonstrate that the lack of warning or adequate warning caused the asbestos-related injury. *Id.*

6

(citing *Coffman v. Keene Corp.*, 628 A.2d 710, 716 (N.J. 1993)). Medical causation requires the plaintiff to "show that the injury was proximately caused by exposure to defendant's asbestos product, that is the exposure was a substantial factor in causing or exacerbating the disease." *Id.* (citation modified). A plaintiff must provide proof of "'an exposure of sufficient frequency, with a regularity of contact, and with the product in close proximity' to the plaintiff." *Id.* (citing *James*, 714 A.2d at 910).

Thus, where a plaintiff seeks to defeat summary judgment on the medical causation prong, a plaintiff must adduce evidence from which "reasonable jurors could infer that sometime during [his] work histor[y] . . . plaintiff[] w[as] exposed to defendant's friable asbestos frequently and on a regular basis, while [plaintiff was] in close proximity to it[,]" as well as "competent evidence, usually supplied by expert proof, establish[ing] a nexus between the exposure and plaintiff's condition." *Sholtis v. Am. Cyanamid Co.*, 568 A.2d 1196, 1208 (N.J. Super. Ct. App. Div. 1989). For mesothelioma cases, as is the case here, liability attaches even where the exposure is somewhat lower as the disease "is associated with the smallest exposure to asbestos and can develop from the cumulative effects of minimal and infrequent exposure." *Buttitta v. Allied Signal, Inc.*, No. A-5263-07T1, 2010 WL 1427273, at *10 (N.J. Super. Ct. App. Div. Apr. 5, 2010) (per curiam) (internal quotation marks omitted). Because direct evidence of asbestos exposure "is almost always lacking", a plaintiff may rely on circumstantial proof accompanied by expert proof of sufficiently intense exposure. *James*, 714 A.2d at 910; *Sholtis*, 568 A.2d at 1208.

## B.    AGCO's Motion for Summary Judgment

AGCO argues that Plaintiff cannot establish medical causation because Plaintiff has not offered testimony identifying a product manufactured, supplied, or distributed by Massey—its

7

predecessor—that was a substantial factor in causing his asbestos-related injuries. (AGCO Moving Br. *14.)

The Court finds that, upon this record, Plaintiff has failed to introduce evidence that he was regularly exposed to asbestos-containing products manufactured, supplied, or distributed by Massey, AGCO's predecessor in interest. Although Plaintiff identified Massey tractors as one of two types of tractors he worked on and his work involved replacing gaskets, "[t]he mere presence of an asbestos-containing product is not enough to establish causation in an asbestos case." *Barnes v. Foster Wheeler Corp.*, No. 13-1285, 2014 WL 2965699, at *5 (D.N.J. June 30, 2014); *accord Kurak v. A.P. Green Refractories Co.*, 689 A.2d 757, 761 (N.J. Super. Ct. App. Div. 1997) (noting that a plaintiff "cannot rest on evidence which merely demonstrates that a defendant's asbestos product was present in the workplace or that he had 'causal or minimal exposure' to it.'"). The undisputed record establishes that Plaintiff could not attest to: (1) how many times he worked on a Massey engine; (2) what specific work he performed on a Massey engine; or (3) the condition of the Massey engine components—*i.e.*, whether they contained original or replacement pieces. (AGCO SUMF ¶ 17; *accord* Pl.'s Dep. Tr., Ex. C to AGCO Mot. 286:6 to 289:13, ECF No. 130-3 (Plaintiff denying knowledge of engine components and specific work completed, and unable to affirmatively state how often work was completed on a Massey tractor).) Nor could Plaintiff identify Massey as the manufacturer, supplier, or distributor of the gaskets to which he attributed his asbestos exposure. (*Id.* ¶¶ 15-16; *accord* Pl.'s Dep. Tr., Ex. C to AGCO Mot. 295:22-25, 297:10-13 (Plaintiff denying knowledge of new and old gasket manufacturers).) Because Plaintiff has provided insufficient evidence from which a reasonable juror could conclude that Plaintiff was exposed to an asbestos-containing product manufactured by Massey on a regular basis, summary judgment is warranted. *See Sholtis*, 568 A.2d at 1208.

The Court, accordingly, grants AGCO's Motion for Summary Judgment.

**C.    Briggs's Motion for Summary Judgment**

Briggs argues that Plaintiff cannot establish medical causation because its corporate representative stated, in an affidavit, that the gaskets Plaintiff described working on in Briggs's lawnmower engines did not contain asbestos. (Briggs's Moving Br. 1, 6-7.) In opposition, Plaintiff contends summary judgment is not appropriate because the same corporate representative testified in prior depositions that certain Briggs gaskets contained asbestos up until the mid-to-late 1980s, and Plaintiff worked on Briggs's lawnmower engines every day from 1966 to the mid-1980s. (Pl.'s Opp'n Br. 5-7.)

Here, viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is sufficient evidence for a reasonable factfinder to conclude that Plaintiff was regularly exposed to asbestos from Briggs's gaskets and such exposure has a nexus to Plaintiff's mesothelioma. *See Sholtis*, 568 A.2d at 1208. The fact that Briggs's corporate representative declared that none of the gaskets Plaintiff identified contained asbestos is insufficient by itself to rebut this inference.[5] (Brunelli Aff. ¶¶ 5-13, ECF No. 131-5.) Plaintiff testified that he worked on Briggs lawnmowers at Trenton Central High School, every day from the 1960s to the 1980s for approximately ninety minutes per day, when he led his small-engine repair course and that work entailed, among other things, changing different types of gaskets within the lawnmowers. (*See* Ex. G to Briggs Mot. 385:21-386:25, 390:3-25, 394:23-396:23, ECF No. 131-12; Briggs SUMF ¶¶ 57-61; RSUMF ¶¶ 57-61.) As part of his process to remove the gaskets, Plaintiff testified that he would scrape the gaskets off and blow away any dust and residue. (*See* Ex. G to Briggs Mot. 397:20-408:7; Briggs

---

[5] Additionally, the competing statements between Briggs's corporate representative and Plaintiff regarding the types of gaskets utilized, whether those gaskets contained asbestos, and the methods by which one could remove the gaskets are issues of witness credibility that preclude summary judgment. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

SUMF ¶¶ 66, 73, 75; RSUMF ¶¶ 66, 73, 75.) He further testified that the gaskets had "Briggs & Stratton" written on them and he believed the gaskets contained asbestos. (*See* Ex. H to Briggs Mot. 97:25-99:5, ECF No. 131-13; Briggs SUMF ¶¶ 72, 83-84; RSUMF ¶¶ 72, 83-84.) Briggs's corporate representative also testified that some of Briggs's gaskets contained asbestos until the mid-to-late 1980s. (*See* Ex. 2 to Pl.'s Opp'n Br. 61:22-62:4, 64:13-16, ECF No 154-2.) Additionally, Plaintiff's medical expert opined that Plaintiff's mesothelioma was cumulatively caused by the significant and routine exposure to asbestos-containing materials throughout his career, such as lawnmower engines and gaskets, and such work was performed without dust control. (*See* Ex. 4 to Pl.'s Opp'n Br. 18-19, 21-22, ECF No. 136-4.) Here, Plaintiff has put forth enough evidence, taken together, for a reasonable juror to infer that Plaintiff's regular exposure to Briggs's asbestos-containing gaskets caused or exacerbated his asbestos-related injuries. *See Sholtis*, 568 A.2d at 1208.

The Court, accordingly, denies Briggs's Motion for Summary Judgment.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court grants AGCO's Motion for Summary Judgment and denies Briggs's Motion for Summary Judgment. The Court will issue an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May __28__, 2026